UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SAMIR ABDALLAH BEN HASSINE,               )
                                          )   Case No.: 1:13-cv-1152 SKO
                    Plaintiff,            )
                                          )
                                          )   **Joint Stipulation and Order re: Remand**
         v.                               )   **Pursuant to 8 U.S.C. § 1447(b)**
                                          )
                                          )
JANET NAPOLITANO, *et al.*,               )
                                          )
                    Defendants.           )
                                          )
                                          )

_____

The parties stipulate that the matter be remanded to United States Citizenship and Immigration Services (USCIS) pursuant to 8 U.S.C. § 1447(b), with instructions to reinterview Plaintiff within 30 days from the date of remand, at a date and time mutually agreeable to Plaintiff and his attorney of record.  The parties stipulate that USCIS's prior determination that Plaintiff passed the English and civics test portions of the naturalization examination remains valid and, accordingly, USCIS will not readminister those tests at the reinterview.  Further, USCIS stipulates that reinterview is sought for the sole purpose of updating the information in Plaintiff's previously filed naturalization application, including following-up on or clarifying any such responses, in order to make a prompt determination on the merits of that application.

United States Citizenship and Immigration Services is further instructed to complete adjudication of the naturalization application and notify Plaintiff's counsel of record of its determination within 45 days from the interview date.

In the event United States Citizenship and Immigration Services does not complete adjudication within this timeframe, the parties agree that this Court will retain jurisdiction over this matter, and the parties will immediately file a joint status report.

In the event the adjudication results in a denial of the application, the parties further stipulate that, after exhaustion of administrative remedies under 8 C.F.R. § 336, this Court will retain jurisdiction to review the denial under 8 U.S.C. § 1421(c).

The parties will file a joint status report once the application has been adjudicated.

Finally, the parties stipulate that the filing deadline for any request for attorneys' fees and costs under the Equal Access to Justice Act (EAJA) is controlled by 28 U.S.C. § 2412(d)(1)(B), not Local Rule 54-10.  *See Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1082 (9th Cir. 2002) ("Thus, to the extent that Ninth Circuit Rule 39-1.6 is inconsistent with the EAJA, the Circuit Rule is inapplicable, and the EAJA controls.").   The parties further agree that the Court's remand order constitutes the final judgment for purposes of calculating the deadline under the EAJA.  *See Li v. Keisler*, 505 F.3d 913, 917-18 (9th Cir. 2007) (acknowledging that remand order to the agency may constitute a final judgment for purposes of calculating EAJA deadline).

Dated: April 11, 2014                              Respectfully submitted,

                                                   BENJAMIN B. WAGNER
                                                   United States Attorney


                                                   /s/ Audrey B. Hemesath
                                                   AUDREY B. HEMESATH
                                                   Assistant U.S. Attorney



DATED: April 11, 2014                              Respectfully submitted,
                                                   /s/ Trina Realmuto
                                                   TRINA REALMUTO


                                                   /s/ Stacy Tolchin
                                                   STACY TOLCHIN


                                                   Attorneys for the Plaintiff

1

2                                              **ORDER**

3            Pursuant to the terms of the parties' stipulation for remand, IT IS HEREBY ORDERED

4    that:

5            1.      This matter is remanded to the USCIS according to the terms of the parties'

6                    stipulation;

7            2.      In the event adjudication results in denial of Plaintiff's application, after

8                    exhaustion of administrative remedies under 8 C.F.R. § 336, this Court shall

9                    retain jurisdiction to review the denial under 8 U.S.C. § 1421(c);

10           3.      The deadline for any application for an award of Equal Access to Justice Act

11                   ("EAJA") attorney's fees requested is governed by 28 U.S.C. § 2412(d); and

12           4.      This order shall constitute a final judgment for purposes of calculating the

13                   deadline to file a request for attorney's fees under the EAJA.

14

15   IT IS SO ORDERED.

16

17      Dated:   __**April 14, 2014**__              _____**/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28